IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| DON FORTE, | : | Case No. 1:22-cv-314 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| PETER CREMER NORTH AMERICA, LP, | : | |
| Defendant. | : | |

## ORDER AND OPINION

This matter is before the Court on Plaintiff's Motion to Dismiss Without Prejudice (Doc. 18). Defendant filed a response in opposition (Doc. 19), to which Plaintiff filed a reply in support (Doc. 20). Thus, this matter is ripe for review. Plaintiff's Motion to Stay Briefing on Defendant's Motion for Summary Judgment (Doc. 40) is also pending before the Court. For the following reasons, Plaintiff's Motion to Dismiss (Doc. 18) is **DENIED** and Plaintiff's Motion to Stay Briefing (Doc. 40) is **DENIED AS MOOT**.

## BACKGROUND

On June 2, 2022, Plaintiff filed a Complaint with the following claims against Defendant: age discrimination in violation of federal and Ohio law, race discrimination in violation of federal and Ohio law, retaliation claims, a violation of the Emergency Paid Sick Leave Act, and a violation of the Emergency Family and Medical Leave Expansion Act. (Compl., Doc. 1, ¶¶ 42-91.) Thereafter, the Court set a Calendar Order (Doc. 10). The

discovery deadline was later extended to April 1, 2024, and the dispositive motions deadline was extended to May 31, 2024. (10/27/2023 Notation Order.) On March 28, 2024, Plaintiff moved to dismiss this action without prejudice. (Motion to Dismiss, Doc. 18.) Defendant moved for summary judgment on May 24, 2024. (Motion for Summary Judgment, Doc. 36.)

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 41(a) speaks to the voluntary dismissal of an action. Relevant here, once a defendant has filed an answer or motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Requiring court approval under this Rule primarily serves to protect the nonmovant from unfair treatment. *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009).

Whether a voluntary dismissal should be granted under Rule 41(a)(2) is "subject to the discretion of the district court." *Wellfount, Corp. v. Hennis Care Ctr. of Bolivar, Inc.*, 951 F.3d 769, 774 (6th Cir. 2020). "Generally, an abuse of discretion is found only where the defendant would suffer plain legal prejudice as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (quotation omitted). "In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed

2

by the defendant." *Id.* These factors guide a court's discretion, rather than serve as a mandatory or exhaustive checklist. *See Walther v. Florida Tile, Inc.*, 776 F. App'x 310, 315-16 (6th Cir. 2019).

### A. Defendant's Effort and Expense in Preparing for Trial

Plaintiff filed his Complaint on June 2, 2022. (*See* Compl., Doc. 1.) Then, just two business days shy of the discovery deadline, Plaintiff filed his Motion to Dismiss Without Prejudice on March 28, 2024. (*See* 10/27/2023 Notation Order; Motion to Dismiss, Doc. 18). In the meantime, Defendant had expended significant efforts in discovery and preparation. (Response, Doc. 19, Pg. ID 91-92.) These efforts yielded seven depositions filed in support of Defendant's now-pending Motion for Summary Judgment. (*See* Forte Dep., Doc. 23; Reed Dep., Doc. 25; Harvey Dep., Doc. 27; Rindler Dep., Doc. 29; Johnson Dep., Doc. 31; Wallace Dep., Doc. 33; Godfrey Dep., Doc. 35.) Defendant also reviewed over 4,000 documents and produced over 1,400 pages of documents in response to Plaintiff's requests for production. (Response, Doc. 19, Pg. ID 88, 92.) Thus, Defendant's preparation and discovery efforts suggest plain legal prejudice if this matter were dismissed without prejudice.

In response, Plaintiff points out that Defendant's discovery preparation can be transferred to any action refiled by Plaintiff. (Reply, Doc. 20, Pg. ID 100.) When discovery is readily transferrable to a refiled case, this may mitigate the prejudice to a defendant. *See Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007). But, the inquiry remains context-specific; the possibility of reusing discovery preparations is not necessarily dispositive. *See, e.g., Bryan v. RCI, LLC*, No. 1:21-CV-291, 2021 WL 5416717, at

3

*1 (N.D. Ohio Nov. 19, 2021) (finding that defendants' "efforts and expenses expended favor a finding of legal prejudice if the matter is dismissed without prejudice" even if discovery could be reused); *Emmott v. Tricam Indus., Inc.*, No. 3:21-CV-305, 2023 WL 4205484, at *3 (S.D. Ohio June 27, 2023) (same). Given the circumstances, procedural posture, and Defendant's discovery efforts in the matter, this factor weighs against dismissal without prejudice.

### B. Excessive Delay or Lack of Diligence by Plaintiff

At the time Plaintiff filed his Motion to Dismiss, this matter had been pending for nearly 22 months. (*See* Compl., Doc. 1; Motion to Dismiss, Doc. 18.) But, the timeline of this litigation cannot wholly be chalked up to delays by Plaintiff. For instance, the parties twice jointly moved to extend the Calendar Order. (*See* Joint Motions, Docs. 11, 12.) Defendant also requested extensions to respond to Plaintiff's discovery requests. (Reul Aff., Doc. 21, Pg. ID 110.)

Plaintiff asserts that "Defendant's delay in responding to [Plaintiff's] discovery requests and scheduling its witness depositions extended the time it took for Plaintiff to ascertain that a motion under Rule 41(a)(2) was appropriate." (Reply, Doc. 20, Pg. ID 99.) This argument naturally transitions to the next factor: the sufficiency in need for dismissal. As explained below, the Court does not find there to be a particularly strong need for a dismissal. Therefore, on a whole, the delay in prosecution weighs slightly against dismissal without prejudice.

### C. Sufficiency in Need for Dismissal

Plaintiff argues that there is a need for dismissal because he is abandoning two of his federal claims under the Emergency Family and Medical Leave Expansion Act and the Emergency Paid Sick Leave Act. (Motion to Dismiss, Doc. 18, Pg. ID 85; Compl., Doc. 1, ¶¶ 67-91.) Plaintiff intends to then refile his claims in state court. (Motion to Dismiss, Doc. 18, Pg. ID 85.) Defendant counters that this is an insufficient reason for a dismissal that would cause excessive delay. (Response, Doc. 19, Pg. ID 93-94.)

"[A] plaintiff's [Rule] 41(a)(2) motion is not *per se* improper simply because the plaintiff seeks leave to re-litigate the case in some other forum." *Luckey v. Butler Cty.*, No. 1:05-CV-388, 2006 WL 91592, at *2 (S.D. Ohio Jan. 13, 2006). Nevertheless, the Court finds Plaintiff's explanation insufficient to support dismissal without prejudice in these circumstances.

Although Plaintiff intends to abandon two federal claims, those claims are not the only pending federal claims in this matter. (*See* Compl., Doc. 1, ¶¶ 47-51, 57-61.) And, the pending state law claims involve similar legal standards as the remaining federal discrimination claims. *See Arnold v. City of Columbus*, 515 F. App'x 524, 529 (6th Cir. 2013) (same standard for Title VII and Ohio state law claim); *Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 283 (6th Cir. 2012) (same standard for Age Discrimination in Employment Act (ADEA) and Ohio state law claim). So, even without Plaintiff's Emergency Family and Medical Leave Expansion Act and Emergency Paid Sick Leave Act claims, the Court can still resolve this case. With this in mind, Plaintiff's explanation does not show why this

5

case should be dismissed in its entirety without prejudice. *See Maldonado v. Thomas M. Cooley L. Sch.*, 65 F. App'x 955, 957 (6th Cir. 2003).

Plaintiff's purported need for dismissal without prejudice is similarly at odds with the posture of this case. Plaintiff brought this suit in federal court in June 2022. Now, over two years of litigation have passed, discovery has been completed, and Defendant's Motion for Summary Judgment pends in this matter. Defendant contends that "one path forward leads straight towards summary judgment or trial while the other puts this case back at square one." (Response, Doc. 19, Pg. ID 93.) The Court tends to agree. That Defendant now abandons two federal claims does not speak to why this entire matter should be dismissed without prejudice and restarted in state court. *See Stoumile v. Eby-Brown Co., LLC*, No. 3:22-CV-177, 2023 WL 7002783, at *3 (S.D. Ohio Oct. 24, 2023) (denying plaintiff from "restart[ing] her case in the face of an impending dispositive motion deadline through a voluntary dismissal").

For these reasons, Plaintiff has not demonstrated a sufficient need for dismissal without prejudice. *See, e.g., Garner v. Fuyao Glass Am. Inc.*, No. 3:21-CV-51, 2022 WL 17811406, at *5 (S.D. Ohio Dec. 19, 2022) (plaintiff's failure to "provide an explanation at all, apart from saying that he wants to 're-file this case in state court'" weighed against dismissal); *Song v. Rom*, No. 1:15-CV-1438, 2017 WL 553237, at *3 (N.D. Ohio Feb. 10, 2017) (plaintiffs' motivation to "evade . . . the jurisdiction of this federal court, which they originally freely chose" weighed against dismissal); *Close v. Eldo Organic, LLC*, No. 2:22-CV-1630, 2022 WL 3053751, at *4 (S.D. Ohio Aug. 2, 2022). Thus, the third factor weighs against dismissal without prejudice.

6

### D. Whether a Motion for Summary Judgment Has Been Filed

A pending motion for summary judgment is a relevant, but not dispositive, consideration. *Malibu Media, LLC v. Redacted*, 705 F. App'x 402, 409 (6th Cir. 2017). There were no motions for summary judgment pending when Plaintiff filed his Motion to Dismiss. Defendant, however, filed a timely Motion for Summary Judgment around two months later. (*See* Motion for Summary Judgment, Doc. 36.) And, counsel for Defendant asserts that he informed Plaintiff of his intention to proceed with dispositive motion practice the week before Plaintiff filed his Motion to Dismiss. (Response, Doc. 19, Pg. ID 95.)

Courts have considered the expectancy of a motion for summary judgment in assessing a Rule 41(a)(2) motion to dismiss. *See, e.g., Bryan v. RCI, LLC*, No. 1:21-CV-291, 2021 WL 5416717, at *2 (N.D. Ohio Nov. 19, 2021) (finding that an expected forthcoming motion for summary judgment—paired with substantial progress on the merits—supports dismissal *with prejudice*). Therefore, the pending Motion for Summary Judgment speaks to the posture of this matter, but it is a neutral factor—in and of itself—since it was filed after Plaintiff's Motion to Dismiss.

\* \* \*

After considering the relevant factors, the Court concludes that Plaintiff's Motion to Dismiss Without Prejudice should be denied. Furthermore, as Plaintiff's Motion to Stay Briefing on Defendant's Motion for Summary Judgment (Doc. 40) is premised on the Court resolving the Motion to Dismiss, the Motion to Stay Briefing is denied as moot.

## CONCLUSION

For all these reasons, Plaintiff's Motion to Dismiss Without Prejudice (Doc. 18) is **DENIED** and Plaintiff's Motion to Stay Briefing on Defendant's Motion for Summary Judgment (Doc. 40) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *[signature: Matthew W. McFarland]*

JUDGE MATTHEW W. McFARLAND